**Stanley W. McPHERSON, Plaintiff–Appellant,**

v.

**Phillip COOMBE, Jr., Commissioner, Department of Corrections; Sally B. Johnson, Superintendent; C.A. Preiss, Deputy, Defendants,**

---

R.J. Kirby, Deputy of Security,
Defendant–Appellee.

Docket No. 98–2635.

United States Court of Appeals,
Second Circuit.

Submitted Feb. 18, 1999.

Decided April 22, 1999.

Stanley W. McPherson, Albion, NY, Pro Se.

Dennis C. Vacco, Attorney General of the State of New York (Peter H. Schiff, Deputy Solicitor General, Nancy A. Spiegel and Robert M. Goldfarb, Assistant Attorneys General, of counsel), Albany, NY, for Defendant–Appellee.

Before: KEARSE and SACK, Circuit Judges, and STEIN, District Judge.*

SACK, Circuit Judge:

Stanley W. McPherson, *pro se*, appeals from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*) granting defendant R.J. Kirby's motion for summary judgment dismissing McPherson's 42 U.S.C. § 1983 action. McPherson alleges that Kirby and other prison officials violated his Eighth Amendment rights by refusing to permit him to attend his mother's funer-

al. We hold that the district court erred in granting summary judgment because there is no indication in the record that McPherson had been informed or was otherwise aware of the requirements he needed to meet under Federal Rule of Civil Procedure 56 to oppose a summary judgment motion.

We therefore reverse and remand.

## I. Background

McPherson filed a *pro se* amended complaint on February 19, 1997, naming as defendants Phillip Coombe, Commissioner of the New York State Department of Corrections ("DOC"), Sally B. Johnson, Superintendent of Orleans Correctional Facility ("Orleans"), and Orleans Deputies R.J. Kirby and C.A. Preiss. The complaint, which seeks seven million dollars in damages and a "restraining order of retaliation," alleges that defendants violated McPherson's Eighth Amendment rights when they refused to permit him to travel from Orleans, where he was an inmate, to New York City, so that he could attend his mother's funeral.

McPherson claims that his brother, Tracey McPherson, called the Orleans chaplain's office on December 5, 1995, to inform the chaplain that McPherson's mother had died on November 29, 1995. On December 6, 1995 the chaplain applied for emergency leave on McPherson's behalf, requesting defendant Kirby's permission for McPherson to attend the funeral in New York City. Kirby refused the request. McPherson alleges that denying him leave to attend his mother's funeral constituted cruel and unusual punishment under the Eighth Amendment; he also alleges that defendants violated his Eighth Amendment rights by refusing him mental health care to alleviate the anguish they had "maliciously and wantonly" caused him.

---

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

On March 27, 1997, the district court dismissed the claims against Coombe, Johnson and Preiss because McPherson's complaint did not allege that they had any personal involvement in denying McPherson leave to attend the funeral. McPherson does not appeal the district court's order dismissing his complaint with respect to these defendants.

On January 16, 1998, defendant Kirby moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Kirby's supporting affidavits and exhibits indicate that after receiving the call from McPherson's brother on December 5, 1995, Orleans officials sought to verify that McPherson's mother had died and to determine the date of her funeral. Their efforts were reportedly hampered by the fact that McPherson's mother had changed her name. By December 8, 1995, officials had verified the death of McPherson's mother but were told by the funeral home and by members of McPherson's family that the funeral date had not yet been set. Kirby also claims that the prison received no further information until the afternoon of December 11, 1995, when a family member called to say that the funeral was scheduled for the next morning.

In his affidavit, Kirby stated that he had determined that, given the short notice, McPherson could not be safely transported from Orleans to New York City. Kirby explained that DOC procedures require that two officers accompany a transported inmate. He stated that it was impractical to call off-duty officers to transport McPherson because under the collective bargaining agreement in force he would have had to contact officers in order of their seniority; obtaining a positive response would have required numerous calls. Kirby also concluded that using officers on duty that afternoon was unsafe because the officers would need to drive McPherson to Sing Sing Correctional Facility in Westchester County for the night, would likely not get to sleep themselves before one in the morning, and would have

to be up again at an early hour to collect McPherson and drive him into New York in time for the funeral. Kirby stated that "[t]his would have meant that two officers, at least one of whom would be armed ... would have had at best 4–1/2 hours of sleep and would have been responsible for transporting a convicted felon into Manhattan." In light of these considerations, Kirby recommended denying McPherson's request to attend the funeral.

In opposition to Kirby's motion for summary judgment, McPherson submitted papers in which he disputed Kirby's version of events, and alleged that Kirby had denied him leave to attend the funeral in retaliation for making a complaint against another prison officer a few days earlier. Citing Rule 56, McPherson stated in his opposition papers that he would "prove ... with affidavits that given short notice, transporting inmates over the distance could in fact be safely accomplished." McPherson included the names of individuals who had provided him with affidavits in support of his claim and other individuals who would provide such affidavits in the future. McPherson also declared in his papers that "[m]any inmates want to give me affidavits because they see the ... retaliation that Orleans Correctional Facility has inflicted ... upon me."

Finding that Kirby had provided an undisputed explanation for refusing McPherson's request to attend the funeral, and that the allegations of retaliation were supported only by McPherson's own conclusory statements, the district court issued an order on June 25, 1998, granting Kirby's motion for summary judgment. On June 29, 1998, judgment was entered dismissing McPherson's complaint. McPherson filed a timely notice of appeal.

## II. Discussion

 We review a grant of summary judgment de novo. See Lowrance v. Achtyl, 20 F.3d 529, 534 (2d Cir.1994). Under Federal Rule of Civil Procedure 56(c), summary judgment may be granted only

when there is no genuine issue as to material fact and the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "While genuineness runs to whether disputed factual issues can 'reasonably be resolved in favor of either party,' . . . materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law. . . . A reasonably disputed, legally essential issue is both genuine and material and must be resolved at trial." *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996) (quoting and citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In reviewing a grant of summary judgment we resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.,* 164 F.3d 736, 742 (2d Cir.1998). Moreover, we read the pleadings of a *pro se* plaintiff liberally and interpret them "to raise the strongest arguments that they suggest." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994).

■■■ Section 1983 of Title 42 of the United States Code establishes liability for deprivation, under the color of state law, "of any rights, privileges, or immunities secured by the Constitution." The Eighth Amendment sets constitutional boundaries on the conditions of imprisonment. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however. After incarceration, only the 'unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Ingraham v. Wright,* 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977)) (additional quotation omitted).

■■■ To demonstrate an Eighth Amendment violation, a plaintiff must make two showings. First, the alleged punishment must be "objectively, sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation omitted). Under the objective prong, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Second, the prison official involved must have acted with a "sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970 (citation and internal quotation marks omitted). In cases involving prison conditions, "that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (citing *Wilson v. Seiter,* 501 U.S. 294, 302–03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).

Like the court below, we may assume for purposes of summary judgment that if, in order to cause a particular inmate psychological distress, prison officials deny the inmate leave which is otherwise available to attend a parent's funeral, such conduct may in some circumstances constitute cruel and unusual punishment and therefore provide a claim for relief under section 1983. We also agree with the district court that in opposing Kirby's motion for summary judgment, McPherson failed to produce any evidence that would contradict Kirby's explanation—as supported by the affidavits and exhibits in Kirby's motion papers—for his decision to deny McPherson's request to attend the funeral. As such, McPherson's opposition papers failed to raise a genuine issue as to Kirby's state of mind, a material fact of McPherson's Eighth Amendment claim. We hold nonetheless that the district court erred in granting summary judgment dismissing McPherson's action because the record does not show that McPherson was told or otherwise understood the requirements of Rule 56.

Since "it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he

must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial .... '[t]he failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal.'" *Vital v. Interfaith Medical Ctr.,* 168 F.3d 615, 620 (2d Cir.1999) (quoting *Ruotolo v. IRS,* 28 F.3d 6, 8 (2d Cir.1994) (per curiam)) (additional quotation omitted). *See also Timms v. Frank,* 953 F.2d 281, 285 (7th Cir.) (notice to *pro se* litigants "should include both the text of Rule 56(e) and a short and plain statement in ordinary English that any factual assertion in the movant's affidavits will be taken as true by the district court unless the non-movant contradicts the movant with counter-affidavits or other documentary evidence"), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2307, 119 L.Ed.2d 228 (1992). However, "a District Court need not advise a *pro se* litigant as to the nature of summary judgment where an opposing party has already provided the litigant with the requisite notice ... or where the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment." *Vital,* 168 F.3d at 621 (citations omitted).

In the record before us, there is no indication that the district court provided McPherson with any notice of the nature and consequences of a summary judgment motion. Kirby's papers did not provide such notice either. We are also unable to conclude that McPherson otherwise understood that in order to avoid summary judgment he needed to submit affidavits or other documentary evidence in support of every assertedly genuine issue of material fact in his claim.

Although McPherson did submit certain papers in opposition to the summary judgment motion, "[w]here the proper notice has not been given, the mere fact that the *pro se* litigant has made some response to the motion for summary judgment is not dispositive where neither his response nor other parts of the record reveal that he understood the nature of the summary judgment process." *Id.*

■ McPherson's opposition papers also specifically cite Rule 56. This case therefore raises the issue of whether a *pro se* litigant's awareness of the existence of Rule 56, without more, constitutes the understanding of the nature and consequences of summary judgment required under *Vital.* We hold that it does not. Mere awareness of the Rule does not insure that a *pro se* litigant "underst[ands] the nature of the summary judgment process." *Id.*

We therefore examine the record as a whole to determine if, in the absence of sufficient notice from the district court or the defendant, there is other evidence that McPherson understood the requirements of Rule 56.

In his opposition papers, McPherson stated that he would be able to provide supporting affidavits from certain witnesses and other evidence that would establish that leave was generally available to allow inmates to attend funerals and that, in denying him leave, Kirby acted with the state of mind that gives rise to an Eighth Amendment claim. Having identified the types of evidence he would offer to prove his case, McPherson asserted in his papers that he had therefore "establish[ed] a genuine issue as to a material fact" in accordance with Rule 56.

While this makes clear that McPherson had some awareness as to what summary judgment entails, we are unable to conclude that he understood that in order to oppose summary judgment Rule 56 requires that he submit (rather than just identify) the affidavits and other documentary evidence that support his claim, so as to raise a genuine issue of fact as to every material element of the claim, and thereby preserve the case for trial. *See* Fed. R.Civ.P. 56(e) ("[O]pposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that

the affiant is competent to testify to the matters stated therein.... [A]n adverse party may not rest upon the mere allegations or denials of the ... pleading, but [rather] the ... response, by affidavits or [other documentary evidence] as ... provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Because neither Kirby nor the district court notified McPherson of the requirements of Rule 56, and the record does not indicate that McPherson otherwise understood what was required of him, we conclude that the district court erred in granting Kirby's motion for summary judgment.

In sum, absent a clear indication that the *pro se* litigant understands the nature and consequences of Rule 56—as is required under *Vital* and which we reiterate today—he or she must be so informed by the movant in the notice of motion or, failing that, by the district court. That notice should include a short and plain statement that all assertions of material fact in the movant's affidavits will be taken as true by the district court unless the *pro se* litigant contradicts those factual assertions in one or more affidavits made on personal knowledge containing facts that would be admissible in evidence or by submitting other materials as provided in Rule 56(e).

We express no opinion as to the ultimate outcome of McPherson's suit, which remains to be resolved in the district court.

### III. Conclusion

The judgment of the district court is reversed and remanded for proceedings consistent with this opinion.