DECISION AND ORDER
 

 LARIMER, Chief Judge.
 

 Plaintiff, Veline William Hicks (“Hicks”), acting
 
 pro se,
 
 commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant, Corrections Officer Paul Weed (“Weed”) violated his constitutional rights while he was incarcerated at the Southport Correctional Facility. Pending before me are the parties’ motions for summary judgment.
 
 [1]
 

 BACKGROUND
 

 On December 2, 1995, Hicks was stopped and “pat frisked” by Weed as he was traveling to the recreational yard. Complaint, p. 3; Field Affidavit, 113. Following an exchange during the pat frisk, Weed returned Hicks to his cell.
 
 Id.
 
 At the time of the alleged incident, Hicks was shackled, wearing a waist chain and handcuffs. Hicks Deposition, p. 40. Hicks claims that as he was escorted back to his cell, Weed threw him into various cells that lined the corridor, berating Hicks and uttering obscenities. Weed then pushed Hicks into his cell, causing Hicks to hit his head on a shelf. Hicks called for Sergeant Gary Field, reported the incident, and requested medical treatment. Nurse John Vonhagn examined plaintiff and gave him an ice sleeve to treat swelling on his forehead. Field photographed the abrasion. In his deposition, Hicks indicated that he had an open wound on his forehead and that he now has “three or four scars.” Hicks Deposition, p. 51. He later testified that the injury was swollen for approximately two hours, then the swelling disappeared.
 
 Id.
 
 at p. 56.
 

 Defendant offers a different version of events. Sergeant Field states that he witnessed Hicks’s return to his cell, and that Weed did not use any force or push Hicks into his cell. Field Affidavit, 115. Field confirms that he spoke with Hicks immediately following his return to his cell. However, contrary to Hicks’s version of events, Hicks did not report any use of force, nor did Field observe any abrasions on Hicks’s forehead. Field Affidavit, ¶ 6. Hicks did not indicate that he had been mistreated by Weed until approximately two and one-half hours later.
 
 Id.
 
 at ¶ 7. At that time, Field observed a small, fresh abrasion on Hicks’s forehead.
 
 Id.
 
 Vonhagn described the injury as a “one-eighth inch raised, reddened area of approximately one to one
 
 *262
 
 and one-half inches across.” Vonhagn Affidavit, 113. Both Field and Vonhagn believe that Hicks’s injury was self-inflected. Field Affidavit, 118; Vonhagn Affidavit, 114.
 

 Although defendant denies any use of force, he argues that plaintiffs allegations establish at best only a
 
 de minimis
 
 use of force. Defendant asserts that under these circumstances, plaintiffs claim is not cognizable under the Eight Amendment.
 

 DISCUSSION
 

 Summary judgment is appropriate where “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c);
 
 See Celotex Corp. v. Catrett, 477
 
 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). “While genuineness runs to whether disputed factual issues can ‘reasonably be resolved in favor of either party,’ ... materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law____A reasonably disputed, legally essential issue is both genuine and material and must be resolved at trial.”
 
 Graham v. Henderson,
 
 89 F.3d 75, 79 (2d Cir.1996) (quoting
 
 Anderson v. Liberty Lobby, Inc., 477
 
 U.S. 242, 248-250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The pleadings of a
 
 pro se
 
 litigant are read liberally and interpreted “to raise the strongest arguments that they suggest.” '
 
 McPherson v. Coombe,
 
 174 F.3d 276, 280 (2d Cir.1999) (quoting
 
 Burgos v. Hopkins,
 
 14 F.3d 787, 790 (2d Cir.1994)).
 

 A deprivation of a constitutional right made under color of state law is actionable pursuant to 42 U.S.C. § 1983. The Eighth Amendment to the United States Constitution prohibits the infliction of “cruel and unusual punishments.” U.S. Const. amend. VIII. Not all governmental actions that may affect “the interests or well-being of a prisoner” are not violative of the Eighth Amendment.
 
 McPherson,
 
 174 F.3d at 280 (quoting
 
 Whitley v. Albers,
 
 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). “After incarceration, only the ‘unnecessary and wanton infliction of pain’ constitutes cruel and unusual punishment forbidden by the Eighth Amendment.”'
 
 Id.
 

 In order to establish that a corrections officer has inflicted “cruel and unusual punishment” through an excessive use of force, a prisoner must make both an objective and a subjective showing.
 
 McPherson,
 
 174 F.3d at 280. First, the plaintiff must establish that the alleged deprivation was “objectively, sufficiently serious.”
 
 Farmer v. Brennan,
 
 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). “Not every push or shove, even if it may later seem unnecessary in the peace of a judge’s chambers, violates a prisoner’s constitutional rights.”
 
 Boddie v. Schnieder,
 
 105 F.3d 857, 862 (2d Cir.1997) (quoting
 
 Johnson v. Glick,
 
 481 F.2d 1028, 1033 (2d Cir.1973)). Nor will “every malevolent touch by a prison guard give[ ] rise to a federal cause of action.”
 
 Id.
 
 (quoting
 
 Hudson v. McMillian,
 
 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). Subjectively, the plaintiff must show that “the prison official involved ... acted with a ‘sufficiently culpable state of mind.’ ”
 
 McPherson,
 
 174 F.3d at 280 (quoting
 
 Farmer,
 
 511 U.S. at 834, 114 S.Ct. 1970). Where a corrections officer is alleged to have used excessive force, the plaintiff must show that the defendant acted “maliciously and sadistically to cause harm.”
 
 Hudson,
 
 503 U.S. at 7, 112 S.Ct. 995.
 

 Here, the events of December 2, 1995, are clearly disputed by the parties. Stated plainly, plaintiff alleges that Weed engaged in assaultive conduct without provocation, while defendant alleges that no physical altercation of any kind took place. Defendant, however, argues that these disputed facts are not material, because the facts as alleged by plaintiff are insufficient to establish a violation of his Eight Amendment rights. I disagree.
 

 
 *263
 
 While it is true that a
 
 de minim-is
 
 use of force that is not “repugnant to the conscience of mankind” does not give rise to an Eighth Amendment claim, “whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.”
 
 Hudson,
 
 503 U.S. at 6-7, 9-10, 112 S.Ct. 995 (quoting and citing
 
 Whitley,
 
 475 U.S. at 327, 106 S.Ct. 1078). Here, plaintiff alleges that for no justifiable reason, defendant forcibly threw him against metal cells seven or eight times and then threw him into his cell causing injury.
 
 [2]
 

 See
 
 Hicks Deposition, p. 44. During this episode, Hicks was in handcuffs and shackled. The Court cannot find, as a matter of law, that this conduct could not give rise to an Eighth Amendment claim. If this event happened as plaintiff has described it, it is hard to conceive of any reasonable justification for the conduct. Therefore, because there are genuine issues of material fact, the parties’ motions for summary judgment must be denied.
 

 CONCLUSION
 

 Defendant’s motion for summary judgment (Dkt # 26) and plaintiffs motion for summary judgment (Dkt.# 35) are hereby denied.
 

 IT IS SO ORDERED.
 

 [1]
 

 . Although Hicks has requested summary judgment, his accompanying submission consists of a list of 'material facts as to which there are genuine issues to be tried.”
 

 [2]
 

 . Defendant's suggestion that Hicks, at his deposition, described being thrown into various cells as "really nothing” mischaracterizes Hicks's testimony. Hicks Deposition, p. 44.