**Timothy COYLE, Plaintiff,**

v.

**Susan COYLE, individually, Pamela Olsen, Detective/Agent, individually and in her official capacity as an officer of the Nassau County Police Department, Steven Degraziano, Lieutenant, individually and in his official capacity as an officer of the Nassau County Police Department, The Nassau County Police Department, and The County of Nassau, Defendants.**

**No. 03 CV 3286(ADS)(ARL).**

United States District Court,
E.D. New York.

Feb. 9, 2004.

---

Timothy Coyle, Huntington, NY, Plaintiff Pro Se.

Raoul Lionel Felder, P.C., by James P. Curran, Esq., of Counsel, New York City, for Defendant Susan Coyle.

Nassau County Attorney's Office by Sean R. Strockyj, Deputy County Attor-

ney, Mineola, NY, for Defendants Detective Pamela Olsen, Officer Steven Degraziano, the Nassau County Police Department, and the County of Nassau.

SPATT, District Judge.

Pursuant to 42 U.S.C. § 1983, Timothy Coyle ("Coyle" or the "plaintiff") commenced this action against his former wife Susan Coyle, Detective Pamela Olsen ("Detective Olsen"), Officer Steven Degraziano ("Officer Degraziano"), the Nassau County Police Department ("Police Department"), and the County of Nassau ("County"), alleging claims for false arrest and abuse of process. Pending before the Court is a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") by Detective Olsen, Officer Degraziano, the Police Department, and the County (collectively, the "County defendants"). For the reasons set forth below, the motion to dismiss is granted.

## I. BACKGROUND

The following facts are taken from the complaint which the Court construes as true in deciding the present motion. Although not entirely clear from the complaint, it appears that based on a separation or divorce agreement, the plaintiff and his former wife Susan Coyle were required to transfer their two minor children to each other inside the Eighth Precinct, Police Department for purposes of visitation. On October 4, 2002, the plaintiff met Susan Coyle in front of the precinct to pick up his children. At that time, the plaintiff asked Susan Coyle if she had informed the childrens' two schools to place him on the schools' Emergency Notification List. In response, she stated, "this is not the time or the place for these discussions." The plaintiff then asserted, "if you don't put me on the school's Emergency Notification List, I will prepare a motion tomorrow." She responded by stating "do what you think is best." In the complaint, Coyle explains that the "motion" was referring to an Order To Show Cause Motion to compel Susan Coyle to place his name on the Emergency Notification List.

After the plaintiff left the precinct's parking lot with the children, Susan Coyle walked into the Police Department and filed a Domestic Incident Report and a Supporting Deposition, both of which are annexed to the complaint. In the Supporting Deposition, she stated:

My husband Timothy Coyle was outside of the Station House waiting when I pulled up. We are supposed to exchange the children inside of the Police Station. When I proceeded to return to my car after giving him the children, my husband Timothy Coyle began a verbal argument with me about the children. When I told him that this was not the time or place for these discussions he stated "I will do something tomorrow." The subject stated this in a threatening tone. I fear for my safety. I feel threatened by this remark. The subject Timothy Coyle is in violation of order # 2002N02022 Index # 0–4878–02 issued on 05/06/02 in effect until 11/06/02 by Judge Julianne Eisman Nassau County Family Court. I want my husband Timothy Coyle arrested for violating the order of protection. The above information is true and accurate as I know it to be. P.O. Carlo Maltempi is writing this statement on my behalf.

The top of the Supporting Deposition stated that "any false statement made in this deposition is punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law." According to Coyle, Detective Olsen and Officer Degraziano "had no probable cause to believe that plaintiff committed a criminal act and no arrest

warrant had been issued for plaintiff." In addition, the plaintiff states the Susan Coyle initiated the arrest to restrict his access to their children.

The next day, when he dropped off his two children inside the precinct, several police officers directed the plaintiff to go to the second floor of the precinct to talk to detectives. Coyle informed the officers that he could not talk to the detectives because he was in a hurry. Two officers, who are not identified in the complaint, blocked the exit of the precinct and told Coyle that he had no choice but to go see the detectives. Shortly thereafter, Coyle was arrested and charged with violating New York State Penal Law Section 215.50(3) for Criminal Contempt in the Second Degree for violating the Order of Protection issued on behalf of Susan Coyle.

The plaintiff claims that Detective Olsen was the arresting officer and that Officer Degraziano signed the paperwork approving the arrest. When he was arrested, the plaintiff was handcuffed and fingerprinted. Officer Degraziano directed other police officers from the Police Department to transport the plaintiff to the Nassau County Central Booking facility where he was eventually booked and forced to spend a night in a Nassau County jail.

On June 24, 2003, the plaintiff appeared for a hearing before Nassau County Court Judge Claire Weinberg. At the hearing, Susan Coyle testified on behalf of the prosecution. When asked by the plaintiff's counsel "what did Mr. Coyle mean when he stated 'I will do something tomorrow,'" she answered, "I don't know." The plaintiff was found not guilty as to the charge of Criminal Contempt in the Second Degree.

The plaintiff contends that Susan Coyle "continued and encouraged the criminal proceeding against the plaintiff by failing to honor a STIPULATION OF SETTLE-MENT (hereinafter Stipulation) in Her Divorce Action," dated January 15, 2003, which stated, in part, that "[a]ny and all District Court actions in which either party is a defendant shall be discontinued provided the District Attorney consents to the discontinuance." According to the plaintiff, Susan Coyle intentionally failed to notify the District Attorney regarding this provision of the Stipulation and participated as a witness against the plaintiff to ensure that the District Court action would not be discontinued.

On July 7, 2003, the plaintiff commenced this action, asserting claims for false arrest and abuse of process, in violation of the Fourth and Fourteenth Amendments.

## II. DISCUSSION

### A. Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the Court must liberally construe the claims, accepting all the factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). "The issue to consider is not whether the plaintiff will ultimately prevail but whether [he] is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995) (citation omitted). Dismissal is proper only if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See King v. Simpson*, 189 F.3d 284, 286 (2d Cir.1999).

In making this determination, the Court is mindful that the plaintiff's *pro se* status means that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92

S.Ct. 594, 30 L.Ed.2d 652 (1972)). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of his lack of legal training. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983). Indeed, courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, *pro se* status "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Traguth,* 710 F.2d at 95 (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)).

## B. The Claims for False Arrest

Under 42 U.S.C. § 1983, a plaintiff may bring an action for a violation of his constitutional rights. In this case, the plaintiff raises a Section 1983 false arrest claim, in violation of his Fourth Amendment right to be free from unreasonable seizure, and state law false arrest claim. Coyle asserts these false arrest claims on the ground that the County defendants lacked probable cause to arrest him.

█ A Section 1983 claim for false arrest "is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst,* 101 F.3d 845, 855 (2d Cir.1996) (citing *Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 (2d Cir.1995)). To maintain a claim for false arrest under either theory, a plaintiff must show that: (1) the defendants intentionally confined the plaintiff; (2) the plaintiff was aware of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not justified or privileged. *Weyant,* 101 F.3d at 852 (citing *Broughton v. State,* 37 N.Y.2d 451, 456, 373 N.Y.S.2d

87, 335 N.E.2d 310 (1975)); *see also Posr. v. Doherty,* 944 F.2d 91, 97 (2d Cir.1991).

█ An arrest is justified if the facts set forth in the complaint demonstrate that the arresting officer had probable cause to believe that the suspect had committed a crime. *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir.1994). That the plaintiff was found not guilty has no bearing on his false arrest claim. *See Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 ("a favorable termination of the proceedings is not an element of [the] tort [of false arrest]"). Probable cause to arrest exists when an officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jocks v. Tavernier,* 316 F.3d 128, 134 (2d Cir.2003) (internal quotations and citations omitted). An arresting officer may rely on the report of a victim of a crime. *See Loria v. Gorman,* 306 F.3d 1271, 1290 (2d Cir.2002).

Here, the plaintiff states that the County defendants "had no probable cause to believe that plaintiff committed a criminal act and no arrest warrant had been issued for plaintiff." In deciding this motion, the Court assumes that the County defendants knew only what the complaint states they saw and heard. In addition, the Court notes that the crucial inquiry here is not whether Coyle committed a criminal act, but turns on whether Susan Coyle's accusation provided the County defendants with probable cause to believe that the plaintiff violated the Order of Protection.

In the complaint, the plaintiff states that he and Susan Coyle were required to exchange their two children in the precinct for purposes of visitation. The plaintiff asserts that, on October 4, 2002, he and his former wife had a dispute when their two kids were being exchanged. The plaintiff

further states that he told Susan Coyle that he should be placed on the children's School Emergency Notification List. She responded by stating "this is not the time or place for these discussions." In response, the plaintiff asserted "if you don't put me on the school's 'Emergency Notification List,' I will prepare a Motion tomorrow." Based on this verbal exchange, Susan Coyle filed a Domestic Incident Report and a Supporting Deposition with the Police Department. Significantly, the plaintiff annexed to his complaint a copy of the supporting deposition which stated, in part:

When I told him that this was not the time or place for these discussions he stated "I will do something tomorrow." The subject stated this in a threatening tone. I fear for my safety. I feel threatened by this remark. The subject Timothy Coyle is in violation of order # 2002N02022 Index # 0–4878–02 issued on 05/06/02 in effect until 11/6/02 by Judge Julianne Eisman Nassau County Family Court. I want my husband Timothy Coyle arrested for violating the order of protection. The above information is true and accurate as I know it to be.

In addition, Susan Coyle signed this deposition knowing that any false statement would be punishable as a misdemeanor pursuant to Section 210.45 of the New York Penal Law. On the following day, the police arrested Coyle for Criminal Contempt in the Second Degree for violating the Order of Protection against the plaintiff.

■ Even construing the complaint broadly, the Court finds that the complaint does not set forth any allegations indicating that the County defendants had any reason to doubt the veracity of Susan Coyle's accusation. The complaint is devoid of any allegations denying the existence of an Order of Protection. In addition, nothing in the complaint suggests that the police had reason to believe that Susan Coyle was an unreliable witness. Therefore, because the arrest was prompted by a deposition from a complaining witness who had an Order of Protection issued on her behalf, the Court finds that the County defendants had probable cause to arrest Coyle. Accordingly, the motion to dismiss the false arrest claims against Detective Olsen and Officer Degraziano is granted.

## C. The Claims for Abuse of Process

■ In addition, Coyle brings this action to redress a Fourteenth Amendment violation predicated on an abuse of process claim. The plaintiff also asserts a state abuse of process claim. An abuse of process claim under Section 1983 is also governed by state law. *Cook v. Sheldon,* 41 F.3d 73, 80 (2d Cir.1994) (citing *Raysor v. Port Authority of New York and New Jersey,* 768 F.2d 34, 39 (1985)). In order to make out a claim for abuse of process, three essential elements must be shown: (1) a regularly issued process (civil or criminal); (2) an intent to do harm without excuse or justification; and (3) use of process in a perverted manner to obtain a collateral objective. *Id.* (citing *Curiano v. Suozzi,* 63 N.Y.2d 113, 116, 469 N.E.2d 1324, 480 N.Y.S.2d 466, 468 (1984)).

■ Nothing in the complaint suggests that process was used maliciously by the County defendants after it was instituted. The complaint does not address any impermissible action on behalf of the County defendants throughout the course of his prosecution. In addition, the complaint does not allege that they used the process to obtain a collateral objective. As such, the Court finds that the complaint does not state a viable claim for abuse of process. Accordingly, the motion to dismiss the

abuse of process claims against Detective Olsen and Officer Degraziano is granted.

### D. Municipal Liability

 The plaintiff names the Nassau County Police Department and the County of Nassau as defendants in his complaint. A municipal body may not be held liable under § 1983 for the unconstitutional acts of its employees absent allegations that such acts are attributable to a municipal custom, policy or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see also Pembaur v. Cincinnati*, 475 U.S. 469, 478–79, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir.2000) (noting that a municipality "cannot properly be held liable . . . unless the 'injury was inflicted by [its] lawmakers or by those whose edicts or acts may fairly be said to represent official policy' "), *cert. denied*, 531 U.S. 813, 121 S.Ct. 47, 148 L.Ed.2d 16 (2000); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991).

Having concluded that the plaintiff has not sufficiently alleged that his constitutional rights were violated, the Court finds that there can be no cognizable claim against the municipal defendants. *Dodd v. Norwich*, 827 F.2d 1, 8 (2d Cir.1987) (holding that a constitutional violation by an individual defendant is required to maintain a claim against the municipality). Moreover, the complaint cannot reasonably be interpreted to have included allegations concerning an underlying municipal policy or custom which deprived the plaintiff of a constitutional right. Thus, the plaintiff's claims for municipal liability also fail against the Police Department and the County.

### E. Leave to Amend

The Court cannot "rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir.1999) (per curiam). Accordingly, the plaintiff shall be granted leave to file an amended complaint within thirty days from the date of this Order.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the County Defendants' motion to dismiss the complaint against them is **GRANTED;** and it is further

**ORDERED,** that the plaintiff shall be permitted to file an amended complaint within thirty days of the date of this Order; and it is further

**ORDERED,** that if the plaintiff fails to file an amended complaint within the time prescribed above, the Clerk of the Court is directed to amend the caption eliminating Detective Olsen, Officer Degraziano, the Police Department, and the County as defendants in this case.

**SO ORDERED.**