Jancis L. **FULLER,** Plaintiff–
Appellant,

v.

John J. **ARMSTRONG,** Eileen P. Higgins, Warden, Steven Henchy, Dentist, Paul Bernard, Dentist, Defendants–Appellees.

No. 04–6720–pr.

United States Court of Appeals,
Second Circuit.

Nov. 13, 2006.

Jancis L. Fuller, pro se, for Plaintiff–Appellant.

Madeline A. Melchionne, Assistant Attorney General, for Richard Blumenthal, Attorney General, for Defendants–Appellants.

Present: ROGER J. MINER, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Jancis L. Fuller ("Fuller") appeals from a December 2, 2004, decision of the United States District Court for the District of Connecticut (Chatigny, J.), granting defendants-appellees' motion for summary judgment. *See Fuller v. Armstrong,* No. 00–cv–0812, 2004 WL 2808700 (D.Conn. Dec.2, 2004). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review a district court's grant of summary judgment de novo. *See Steel Partners II, L.P. v. Bell Indus., Inc.,* 315 F.3d 120, 123 (2d Cir.2002). Summary judgment is appropriate where, viewing the evidence in the light most favorable to the non-moving party, the record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* In addition, we construe the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest. *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999). To state a claim under 42 U.S.C. § 1983 for deprivation of medical treatment in violation of the Eighth Amendment, Fuller must show that defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

We conclude that no issue of material fact has been raised with respect to Fuller's claim that defendants acted with deliberate indifference to her need for dental care. Fuller acknowledges that she received care within weeks of her initial request for treatment. Fuller subsequently refused dental care on at least two occasions. The district court therefore properly concluded that defendants did not act with deliberate indifference to her serious medical needs.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**