Satwant Singh **GARCHA**, Plaintiff,

v.

**THE CITY OF BEACON,
et al, Defendants.**

No. 04 CIV.5981(CM).

United States District Court,
S.D. New York.

Jan. 3, 2005.

Satwant Singh Garcha, Plaintiff Pro Se, Beacon, NY.

Mark J. Volpi, Esq., Ruffo Tabora Mainello and McKay, P.C., Lake Success, NY.

## DECISION AND ORDER DISMISSING THE COMPLAINT

MCMAHON, District Judge.

Plaintiff is a New York State Corrections Officer. In 1998, he was arrested in a domestic dispute. The Beacon Police took possession of his weapon at that time. He never got it back. It has led to this lawsuit.

He has filed a prolix (though verified) complaint some 81 pages long. He has supplemented that pleading with papers filed in opposition to the instant motion to dismiss. Since plaintiff is proceeding pro se, I must construe his pleading liberally. I have done my best to derive the essence of plaintiff's claim from the various papers he has submitted to the Court.

**The Facts**

On or about June 20, 1998, officers of the Beacon Police Department responded to a call at plaintiff's home. Plaintiff was arrested on that evening. Incident to his arrest, a pistol was seized. Plaintiff claims that this pistol, which he says bore the serial number ABE–7629, was listed on his New York State pistol permit at the time of his arrest.

Plaintiff was charged with criminal mischief in the fourth degree, disorderly conduct and harassment in the second degree.

On or about August 12, 1998, he was sentenced to a one-year Adjournment in Contemplation of Dismissal (ACD) by a judge of the City Court of the City of Beacon.

On or about September 30, 1999—following the expiration of his year of ACD status—he began trying to retrieve the pistol that was seized (a pistol that has great sentimental value to him, since it was a gift from his mother). He allegedly engaged in correspondence and attended several meetings on the subject. The weapon was never returned, however.

On or about August 15, 2002, Judge Timothy Pagones of the Beacon City Court ordered that a gun seized on the night of plaintiff's arrest be destroyed. It appears from the most recent affidavit submitted by plaintiff that plaintiff had notice of the hearing and was present in court when the judge entered this order. *See* Notice of Hearing on August 15, 2002, Ex. G to Garcha "Memorandum of Law" filed December 8, 2004, and letter from plaintiff to defendant Williams, Ex. H to the same "Memorandum," at page 2. March 19, 2003, a Smith and Wesson .38 caliber revolver, serial number ADP–6459, was destroyed by order of Judge Pagones. Thereafter, plaintiff attempted to obtain certification of the gun's destruction.

On or about March 19, 2003, plaintiff received notice that the seized pistol had been destroyed. According to the notice, the pistol that was destroyed bore the serial number ABE–6459. A pistol bearing that serial number was listed on Mr. Garcha's pistol permit until at least September 1999.

Plaintiff insists that the weapon that was seized from him and destroyed was not the pistol with the serial number ABE–6459. Plaintiff states that said pistol was the property of Wackenhut Security, and was used by plaintiff only during his years of employment as a security guard with that

corporation (which employment ended in 1987). Plaintiff continues to insist that the weapon that was seized on the night of his arrest and destroyed at a later date was the weapon bearing serial number ABE–7629. A response to a Freedom of Information Act Request sent by plaintiff to the City of Beacon on April 14, 2004 revealed that the Beacon Police Department never possessed the weapon bearing that serial number. Plaintiff insists that this is all a fabrication by Defendant Williams to cover up the destruction of weapon ABE–7629. (Garcha "Memorandum of Law," Ex. A.)

On August 9, 2004, plaintiff sued the City of Beacon, its Chief of Police Mr. R. Sassi, and Detective Donald F. Williams, Jr., claiming (insofar as is relevant to a federal court) that by refusing to return his pistol on demand, they violated his right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution. It is possible that plaintiff also claims that he was deprived of his property without due process of law in violation of the Fourteenth Amendment to the United States Constitution-at least, if I read the pleading liberally, in the context of more recently-filed papers. Plaintiff also cites in his response to defendants' motion to dismiss a number of other constitutional provisions, including the Eighth Amendment (which appears to have something to do with the way he was treated on the night of his arrest), the Ninth Amendment (the so-called "reserved powers" amendment, which has nothing whatever to do with this matter) and the Supremacy Clause.

The City of Beacon has been served. Sassi and Williams have not. Nonetheless, all three parties filed an answer.

Having answered, defendants moved to dismiss the complaint. They purport to move under Rule 12(b)(6), but since they

have answered, their motion is more properly one for judgment on the pleadings, pursuant to Rule 12(c). They attached to the motion affidavits from defendants Sassi and Williams to establish that they were never served.

Plaintiff has responded to the motion with numerous papers, exhibits, letters and other documents. And of course the complaint is evidentiary in nature, containing many exhibits as well. Plaintiff specifically "...does request your honor to look into all the facts/and all the paper work the city court//Beacon police department falsified, because the case of the plaintiff is totally different than other cases the defendants attorney brought in their memorandum of law, because this case is pertaining to the plaintiff's missing weapon in the hands of Beacon police department, and destroying a wrong weapon." *See* "Notice of Motion," dated December 6, 2004. I am, therefore, exercising my prerogative to convert defendant's motion to dismiss and Plaintiff's "Notice of Motion" into cross-motions for summary judgment, and I will consider all of the material submitted by both sides in support of and in opposition to the motion.

Having considered all the evidence submitted, I grant the motion and dismiss the complaint.

**Applicable Standards**

█ The standard for evaluating a motion to dismiss pursuant to Rule 12(c) is the same as that under Rule 12(b)(6). *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir.1998). In evaluating a motion to dismiss pursuant to Rule 12(b)(6) (and hence Rule 12(c)), courts must "take as true all of the allegations contained in plaintiff's complaint and draw all inferences in favor of plaintiff." *Weinstein v. Albright,* 261 F.3d 127, 131 (2d Cir.2001). Although courts must "read the pleadings of a pro se plaintiff liberally and

interpret them 'to raise the strongest arguments that they suggest,'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (*quoting Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)), "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," if any. *Guadagno v. Wallack Ader Levithan Associates,* 932 F.Supp. 94, 95 (S.D.N.Y.1996).

█ Moreover, a district court has discretion to convert a motion to dismiss into a motion for summary judgment. *See, e.g., In re G & A Books, Inc.,* 770 F.2d 288, 294–95 (2d Cir.1985); *see also Green v. Doukas,* 2000 WL 236471, * 2, 205 F.3d 1322 (2d Cir.2000). Generally, a court should give the parties explicit notice of its intention to convert such a motion; however, courts have recognized that, in certain circumstances, such explicit notice is not necessary. *Green,* 2000 WL 236471 at * 2 (citing *In re G & A Books, Inc.,* 770 F.2d at 295). The "essential inquiry," in exercising this discretion, is whether the parties "should reasonably have recognized the possibility that the motion might be converted to one for summary judgment or [whether they were] taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleading." *In re G & A Books, Inc.,* 770 F.2d at 294–95; *see also Metrokane, Inc. v. Wine Enthusiast,* 185 F.Supp.2d 321, 325 (S.D.N.Y.2002). Where both parties submit extrinsic evidence in support of their positions, a district court may fairly convert a motion to dismiss into one for summary judgment under FED. R. CIV. P. 56. *Green,* 2000 WL 236741 at *2 (citing *In re G & A Books, Inc.,* 770 F.2d at 295).

Since both parties submitted extrinsic evidence in support of their motions in this case, as noted above, I convert the instant motions into cross-motions for summary judgment under Rule 56.

Rule 56(c) provides that summary judgment shall be granted where there is no "genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law," that is, where the party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Thus, a party opposing summary judgment must point to "specific facts showing that there is a genuine issue for trial," by proffering "significant probative evidence tending to support [its] complaint." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (citations omitted). The non-movant "may not rest upon the mere allegations or denials of [its] pleadings," Fed.R.Civ.P. 56(e), or upon "mere speculation or conjecture as to the true nature of the facts." *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995).

## Discussion

■ The principal thrust of plaintiff's complaint is that the destruction of his gun violated his Second Amendment rights. But the facts alleged do not add up to a Second Amendment violation. Nothing the defendants are alleged to have done infringes on plaintiff's right to keep and bear arms. There is not even any allegation that the City seized the gun wrongfully at the time of his arrest.

At worst, the City converted a single gun belonging to defendant, by causing its destruction. This does not state any claim under the Second Amendment, since defendant has not been prevented from "bearing arms." It is true that he cannot bear the weapon that was destroyed, because it no longer exists. But the "right to bear arms" is not a right to hold some particular gun. Nothing in plaintiff's

pleading or other papers suggests that any action taken by defendants would prevent him from acquiring another weapon. Indeed, he avers that he works for the Department of Corrections—I cannot imagine that he does not "bear arms" in connection with his everyday employment.

■ Notwithstanding his repeated references to the Second Amendment, I think that plaintiff's real claim is that his gun was destroyed in violation of his Fourteenth Amendment right not to be deprived of his property without due process of law. (In his most recent filing, plaintiff does make reference to the Fourteenth Amendment). Reading plaintiff's pleading liberally, as I am required to do, *McPherson*, 174 F.3d at 280, I construe it as such. Such a claim would not be barred by the statute of limitation, as the defendants argue, because the gun was destroyed less than three years prior to the filing of the instant lawsuit.

However, by plaintiff's own admission, the weapon was destroyed pursuant to an order of the Beacon City Court. Moreover, Exhibits G and H to plaintiff's December 8 Memorandum of Law establish beyond cavil that plaintiff was given notice of the hearing at which the fate of the gun was decided, and that he attended the hearing at which Judge Pagones ordered the weapon destroyed. Thus, it appears that plaintiff was accorded all the process he was due. *Hellenic American Neighborhood Action Committee v. City of New York*, 101 F.3d 877 (2d Cir.1996).

■ Plaintiff contends (again, in his most recent filing) that there was no authority under the New York State Penal Law for Judge Pagones to order the destruction of his weapon. Indeed, that appears to be the theory under which he seeks to hold the City of Beacon (the only served defendant) liable. See Garcha's

"Memorandum of Law" under the heading "Defendants—City of Beacon," which by my count is on page 14 (the pages, unfortunately, are not numbered). (See also the previous page, in which plaintiff asserts, "The City of Beacon Judge never applied any laws pertaining to this case and acted/applied his own power.") Unfortunately, that argument creates difficulty for him on several fronts. Judicial acts performed by a duly authorized judicial officer are absolutely immunized, *Mireles v. Waco,* 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991), and a municipality is not liable, vicariously, for an official act of one of its judges. *See, e.g., Estes-El v. Town of Indian Lake,* 954 F.Supp. 527, 535–36 (N.D.N.Y.1997) (finding that while municipalities, as a rule, are not entitled to immunity, the municipality in that case was not liable for the official judicial actions of one of its judges under 42 U.S.C. § 1983 because the judge was not acting as a policymaker for the town and because there is no *respondeat superior* liability for a municipality under § 1983). Further, a federal court may not overturn a judgment of a state court, which is, in essence, what the plaintiff seeks. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Only the United States Supreme Court may do that. Plaintiff's remedy, if he thought Judge Pagones erred, was to take an appeal to the Appellate Term of the Supreme Court of New York, not to bring a lawsuit in a court of coordinate jurisdiction.

Finally, there is the issue of whether Detective Williams fabricated reports of the weapon's destruction by using the serial number of a different gun to identify the destroyed weapon. Whether true or not, the allegation adds nothing to plaintiff's federal constitutional claim. If one thing is clear from plaintiff's pleading and his papers in response to the instant motion, it is that the police seized (or, more accurately, were given by plaintiff's wife) only one gun on the night of plaintiff's arrest, and only one gun was destroyed. In his "Notice of Motion," plaintiff pleads that the weapon bearing the serial number ADP–6459 (the one he says he left at Wackenhut in 1987) "is still alive being the property of a security company." Therefore, the only way to make sense of plaintiff's pleading is to conclude that he is contending that his personal weapon—serial number ABE–7629—was actually destroyed.

Plaintiff seems to think that Det. Williams, having destroyed weapon ABE–7629, pulled the wrong serial number off plaintiff's weapons permit for some nefarious purpose. But even if that were true (and for purposes of this motion I will assume it to be true), that "fabrication" does not give rise to any independent federal cause of action. The only issue is whether the destruction of his gun-whatever the serial number-gives rise to a federal claim. In the circumstances of this case, it does not.

Last but not least, plaintiff's most recent set of papers could be read to suggest that the conditions of his confinement on the night of his arrest violated his Eighth Amendment right to be free from cruel and unusual punishment. *See* Garcha "Notice of Motion," Exhibit H. Any such claim would be time barred, since a lawsuit alleging cruel and unusual punishment in the terms of his overnight confinement had to be commenced within three years from the date of plaintiff's arrest. Plaintiff was arrested in August 1998. This lawsuit was filed in August 2004—three years too late.

Defendants Sassi and Williams also move to dismiss on the ground that they have not been properly served with pro-

cess. It is clear that Sassi and Williams had notice of the proceeding—an effort was made to serve them; they had copies of the pleading; and they chose to appear by counsel and to assert defenses, including the defense of qualified immunity, which was personal to them and could not have been asserted by the City of Beacon. *See, e.g., Datskow v. Teledyne, Inc.,* 899 F.2d 1298, 1303 (2d Cir.1990) (barring objections to improper service due to defendants' participation in suit, including filing an answer, prior to objecting to method of service, and noting defendants' actual notice of the suit); *see also Federal Home Loan Mortgage Corp. v. Dutch Lane Associates,* 775 F.Supp. 133, 137 (S.D.N.Y.1991) (finding defendants' waived objections to service of process by only raising that issue in their answer and participating in subsequent conferences and settlement negotiations); *Broughton v. Chrysler Corp.,* 144 F.R.D. 23 (W.D.N.Y.1992) (discussing *Datskow* and *Broughton* ). In any event, there is a "no harm/no foul" aspect to all this, since it is clear from the foregoing that plaintiff has failed to state any federal claim against either Sassi or Williams.

The Clerk of the Court is directed to enter an order dismissing the complaint with prejudice, and to close the file.