On its motion for summary judgment dismissing the complaint insofar as asserted against it, the defendant USI Securities, Inc. (hereinafter USI), which was the plaintiff's insurance broker, demonstrated its entitlement to judgment as a matter of law by submitting evidence establishing that the plaintiff did not specifically request that it procure certain additional insurance coverage, and that it did not have a "special relationship" with the plaintiff that would have required it to advise the plaintiff to obtain that coverage (see Murphy v Kuhn, 90 NY2d 266, 270 [1997]; Loevner v Sullivan & Strauss Agency, Inc., 35 AD3d 392, 393 [2006], lv denied 8 NY3d 808 [2007]; Curiel v State Farm Fire & Cas. Co., 35 AD3d 343 [2006]; Tappan Wire & Cable v County of Rockland, 305 AD2d 665, 666 [2003]; Storybook Farms v Ruchman Assoc., 284 AD2d 450, 451 [2001]; M & E Mfg. Co. v Frank H. Reis, Inc., 258 AD2d 9, 11 [1999]). Since, in opposition to that showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), the Supreme Court correctly granted USI's motion for summary judgment dismissing the complaint insofar as asserted against it. Crane, J.P., Krausman, Covello and Carni, JJ., concur.

■ Satwant Singh Garcha, Appellant, v City of Beacon et al., Respondents. [834 NYS2d 275]—

In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated September 29, 2005, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The instant action arises out of the 1998 seizure of the plaintiff's personal handgun by officers of the City of Beacon Police Department when they arrested the plaintiff while responding to a 911 call related to a domestic dispute at his residence. Subsequently, after a hearing at which the plaintiff appeared, the City Court of the City of Beacon ordered the destruction of the weapon. The plaintiff commenced an action against the City of Beacon, City of Beacon Police Chief R. Stassi, and City of Beacon Police Detective Donald F. Williams, Jr., in the United States District Court for the Southern District of New York alleging, inter alia, the violation of certain constitutional rights, including due process and equal protection, and seeking damages. After that action was dismissed on the merits by the United States District Court for the Southern District of New York (*see Garcha v City of Beacon*, 351 F Supp 2d 213 [2005]), the plaintiff commenced this action alleging the same causes of action against the same defendants. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), contending that the action was barred by res judicata and, inter alia, failed to state a cause of action in any event.

The Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). We affirm, but on a different ground.

The complaint should have been dismissed on the ground that the action is barred by res judicata. The parties in the instant action are the same parties that appeared in the previously-dismissed federal action, the allegations and relief sought, as well as the issues involved, are all the same as in that action, and the plaintiff had a full and fair opportunity to litigate the identical claims in that action (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Matter of Hodes v Axelrod*, 70 NY2d 364, 372 [1987]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 499 [1984]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.