Alfonso **GARVIN**, Plaintiff,

v.

Glenn S. **GOORD**, et al., Defendants.

No. 01–CV–6396L.

United States District Court,
W.D. New York.

June 28, 2002.

Alfonso Garvin, Attica, NY, Pro se.

Charles D. Steinman, New York State Attorney General, Rochester, NY, for Plaintiff.

## DECISION AND ORDER

LARIMER, Chief Judge.

### Procedural Background

Plaintiff, Alfonso Garvin, appearing *pro se* and an inmate in the custody of the New York State Department of Correc-

tional Services ("DOCS"), commenced this action under 42 U.S.C. § 1983. Plaintiff named a number of individuals at Attica Correctional Facility ("Attica") as defendants: Attica Superintendent Victor Herbert, Attica Sergeants Glenn Randall and Richard Simmons, and Attica Correctional Officers Anthony Marino, Kirk Koenig, Lawrence Hale and James Zack, as well as DOCS Commissioner Glenn Goord and DOCS Senior Investigator Mark Miller. Plaintiff alleges that all defendants violated his constitutional rights under the Eighth and Fourteenth Amendments. Presently before the Court are the motions of defendants Goord and Miller for summary judgment (Dkt. Nos. 32 and 15, respectively). Both motions are granted.

### Factual Background

At all times relevant herein, plaintiff has been in DOCS custody and incarcerated at Attica. Defendant Glenn Goord is the Commissioner of DOCS. Defendant Mark Miller is employed by the DOCS Inspector General's Office as a Senior Investigator.

In his complaint, plaintiff claims that all defendants violated his constitutional rights under the Eighth and Fourteenth Amendments by assaulting him, and, after he complained about it, retaliating against him with a further assault and a false misbehavior report that resulted in a conviction at a Tier III hearing, and by failing to protect him despite knowledge of the practices of a specified group of correctional officers who regularly assault inmates and then retaliate against any inmates who report the abuse. In addition, plaintiff charges that defendants Goord and Miller have been aware of these actions and have failed to intervene.

### Discussion

## I. Summary Judgment—General Standards

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the court "must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *McKelvie v. Cooper*, 190 F.3d 58, 61 (2d Cir.1999). Where, as here, the plaintiff is proceeding *pro se*, the court will liberally construe the plaintiff's pleadings, and "interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999)(citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, proceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment. *Carbonell v. Goord*, 99–CV–3208, 2000 WL 760751, *5 (S.D.N.Y. June 13, 2000).

## II. Defendants' Personal Involvement

"It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Johnson v. Newburgh Enlarged School Dist.*, 239 F.3d 246, 254 (2d Cir. 2001), quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995); *see also Gaston v. Coughlin*, 249 F.3d 156, 164 (2d. Cir. 2001). The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subor-

dinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986). Because of their lack of personal involvement in any of the alleged deprivations of plaintiff's rights, Goord and Miller must be dismissed as defendants.

### A. *Defendant Goord*

The complaint does not allege that Goord directly participated in either the alleged assaults or the alleged retaliatory action against plaintiff for reporting the assaults, or that Goord created a policy or custom under which any inappropriate conduct occurred. In addition, Goord denies personal knowledge of the events described in the complaint.

█ Nevertheless, plaintiff attempts to link Goord to his claims based upon his contention that plaintiff mailed certain letters of complaint to Goord in 2001. However, it is undisputed that, in accordance with DOCS procedures, Goord never saw any of these letters. Rather, the letters addressed to and received by his office were reviewed by his staff and forwarded to DOCS Deputy Commissioner for Facility Operations Lucien Leclaire, Jr. for investigation and response. LeClaire investigated plaintiff's complaints and responded to plaintiff in letters dated July 18, 2001, July 30, 2001, and September 6, 2001.

█ Other than this very attenuated connection, there is no evidence that Goord had any personal involvement in the case. In a case involving similar facts, the Second Circuit held:

> Sealey [the plaintiff] wrote two letters to Coughlin [a former DOCS commissioner]. Coughlin referred the first letter, Sealey's appeal from [his] administrative segregation hearing, to defendant Selsky for decision. Sealey's second letter was a status inquiry to which Coughlin responded by informing Sealy that Selsky had rendered a decision. Sealey's letters and Coughlin's response do not demonstrate the requisite personal involvement on Coughlin's part, and we affirm the dismissal of Sealey's claims against Coughlin.

*Sealey v. Giltner* 116 F.3d 47, 51 (2d Cir. 1997). *Cf. Wright v. Smith* 21 F.3d 496, 501 (2d Cir.1994). Following *Sealey,* this Court has previously recognized that where a commissioner's involvement in a prisoner's complaint is limited to forwarding of prisoner correspondence to appropriate staff, the commissioner has insufficient personal involvement to sustain a § 1983 cause of action. *See Edmonson v. Coughlin,* 21 F.Supp.2d 242, 255 (W.D.N.Y.1998). In this case, the only contact alleged by plaintiff between himself and Goord are certain letters and replies received from Goord's office. Following *Sealey* and *Edmonson,* this level of contact is insufficient to establish Goord's personal involvement in this case.[1]

For these reasons, Goord's motion for summary judgment is granted

---

1. Plaintiff also fails to provide evidence to support any possible claim that Goord acted in a grossly negligent manner in managing his subordinates or that he was deliberately indifferent to plaintiff's rights based upon a failure to act. Absent some indication to a supervisor that an investigation was inadequate or incompetent, supervisors are not obliged either to undertake *de novo* investigations or to cross examine subordinates reasonably believed to be competent as to whether their investigations were negligent. *Cecere v. City of New York,* 967 F.2d 826, 829 (2d. Cir.1992).

### B. *Defendant Miller*

Plaintiff has failed to raise any issue of material fact regarding Miller. The evidence before the Court, which plaintiff does not challenge, is that Miller is not the Inspector General for DOCS, as plaintiff claims, but is instead an investigator for the Inspector General's office. Moreover, it is established that Miller had no responsibility whatsoever for investigations concerning Attica during the period in question. It is further established that plaintiff's claims concerning any alleged events at Attica were never assigned to Miller. In his responsive papers, plaintiff does not dispute any of these facts. Indeed, plaintiff acknowledges that another DOCS investigator reviewed plaintiff's complaint and responded to plaintiff. Dkt. # 39. Because Miller was not in any manner personally involved with the alleged deprivation of plaintiff's constitutional rights, Miller's motion for summary judgment must be granted.

### Conclusion

The motions of defendants Goord and Miller for summary judgment (Dkt. Nos. 32 and 15, respectively) are each granted, and the complaint as to each of them is hereby dismissed with prejudice.

IT IS SO ORDERED.